

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

*Superseded by opt 29c VCS*

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-3144
Re: When does the additional salary
provided by Article 5139, Re-
vised Civil Statutes of Texas,
1925, for District Judges in
counties having a population of
100,000 or over, according to
the 1940 Federal Census, begin
to accrue?

We have received your letters of February 7, 1941,
and February 27, 1941, wherein you request our opinion upon
the above stated question.

Pertinent portions of your letter of February 7,
1941, read as follows:

"The population of Hidalgo County, as re-
flected by the April 1, 1930, federal census,
was 77,004, and the population of Hidalgo County
as of April 1, 1940, as reflected by the federal
census of 1940, was and is in excess of 106,000.
The census supervisor of Laredo, Texas, on June 22,
1940, released for immediate use preliminary an-
nouncement of population of Hidalgo County as
of April 1, 1940, as being the population of
106,664; and from time to time thereafter sub-
sequent releases were made, all of which showed
a population for said county in excess of
106,000.

"Under the provisions of Art. 5139, et seq.
R. C. S., the Judges of the two District Courts,
to-wit, the 92nd and 93rd Judicial Districts
comprised of Hidalgo County, are entitled to
additional compensation of $1500.00 per annum,
as set out in said statute.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The problem in question which has arisen in my office is as to the precise date on and from which such additional salary should be computed and paid.

". . . .

"Accordingly, I desire your opinion upon the precise question as to whether such additional salaries for the District Judges of the Judicial Districts in Hidalgo County began to accrue upon April 1st, 1940, or at some subsequent date, and if at a subsequent date, whether at such date as it may be determined that the census enumerators counted 100,000, or at such date that the compilers ascertained that it was 100,000 or at such date as they saw fit to make an announcement thereof, and in the later case whether by preliminary announcement or by final official verified announcement."

Your letter of February 27, 1941, reads:

"The question has been raised that in as much as the federal census is as of April 1st, and 'Art. 5139, says, according to the preceding federal census', whether or not the salaries of the District Judges should become effective and accrue from April 1st, the date as of which the Federal Census is taken, or after it has been determined by enumeration, compilation and announcement. It has been suggested that in as much as the actual mechanics of taking the census does not affect the number of the population, but is merely a determinative procedure, that it is probable that the preceeding federal census is the current one instead of the prior one. In other words, after April 1st of the year that the census is taken, the preceeding Federal census is the population determined as of April 1st.

"Of course no payment of salaries could or would be made until the actual determination, but this would not necessarily affect the number of inhabitants and the point to be determined is whether or not the 'Preceeding federal census'

is the last one which has been enumerated, compiled and announced by the government, or the one which is in process of being determined."

For the sake of clarity, may we restate your question as follows:

When does the additional salary provided by Article 5139, Revised Civil Statutes of Texas, 1925, for District Judges in counties having a population of 100,000 or over, according to the 1940 Federal Census, begin to accrue?

Article 5139, Revised Civil Statutes, 1925, reads as follows:

"In any county having a population of one hundred thousand or over, according to the preceding Federal census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the judges of the civil and criminal district courts of such county as members of said Board shall be $1,500 in addition to that paid the other district judges of the State, said additional salary to be paid monthly out of the general funds of such county, upon the order of the Commissioners Court."

The Act of Congress authorizing and regulating the taking of the decennial census (13 U. S. C. A., sec. 201, et seq.) does not expressly provide the effective date of the census, but Section 206 of said Title 13 provides that it "shall be taken as of the first day of April."

Section 213, Title 13, U. S. C. A., provides in part as follows:

"He (the director of the census) is further authorized to have printed by the public printer, in such editions as the director may deem necessary, preliminary and other census bulletins, and final report of the result of the several investigations authorized by this chapter or by chapters 1 and 3 of this title and to publish and distribute said bulletins, and reports. . .. ."

The constitutionality of Article 5139, supra, has

Honorable B. F. McKee, page 4


been upheld by the Supreme Court of Texas.  The leading case on this subject is Jones v. Alexander, 59 S. W. (2d) 1080.

According to the 1930 Federal Census, Hidalgo County had a population of less than 100,000 inhabitants; therefore, the provisions of Article 5139, supra, were not applicable to Hidalgo County until said county qualified under the statute as being a county "having a population of one hundred thousand or over" according to the 1940 Federal Census.  The question then arises as to when a county may qualify as having a population of 100,000 or over.  In our opinion No. 0-2337 this department held that the 1940 census becomes controlling when the census figures of a county have been compiled and made available to the public.

In the case of Holcomb v. Spikes, 232 S. W. 891, the Court of Civil Appeals, at Amarillo, Texas, in holding that a preliminary announcement of the census by the director was an official pronouncement of which the public and all officials may take notice, says:

". . . . Until the law authorized the announcement of the enumeration of the census, no official notice of it as such could be taken.

". . . . It would seem by the act of 1902 duties were imposed upon the director to publish and distribute bulletins and reports of the preliminary and other results of the various investigations authorized by law. This, in so far as we can ascertain, is the only method to inform the public and of giving it access to the information ascertained and compiled by the enumerators and supervisors. It would seem when bulletin is so published and distributed it then becomes an official pronouncement under the law, of which the public and all officials may take notice. . . . . In this case the undisputed facts show the census bureau, under the signature of its director, issued a bulletin showing before the election the population of Lubbock County to be 11,096. This seems to have been official.  This information appeared to have been given to leading papers of the State.

Under the law this information could have been obtained in no other way than through the director's official act, without violating the law and subjecting the parties to a charge of felony. . . ."

You have advised us that on June 22, 1940, the census supervisor of Laredo, Texas, released for immediate use preliminary announcement that the population of Hidalgo County, according to the 1940 census, was 106,664. This preliminary announcement authorized the public and the officials to take official notice, and to act with reference to the facts revealed by such announcement, subject, of course, to their final establishment as being true and correct. The date of this preliminary announcement, June 22, 1940, is the first date on which the public and the officials could take official notice that population of Hidalgo County was 100,000 or over, and is therefore the earliest date on which the Juvenile Board, provided for by Article 5139, could become operative in Hidalgo County.

The $1,500.00 increase of salary allowed to the judges of the civil and criminal district courts by Article 5139, as interpreted by our Supreme Court, was not to pay them as members of the Juvenile Board, but to increase their salaries as district judges for additional services required of them by said article. Jones v. Alexander, 122 Tex. 328, 59 S. W. (2d) 1080; Holland, et al v. Harris County, 129 Tex. 118, 102 S. W. (2d) 195.

Since the increase of salary is allowed for the purpose of compensating the judges for the performance of additional duties, it is obvious they could not perform those duties until it was officially determined that Hidalgo County had the required population to impose those duties upon them. Therefore, when the official announcement was made, June 22, 1940, the duties incident to their becoming members of said Board were automatically imposed, and their salaries were automatically increased from and after, but not before, said date.

Trusting the above answers your question, we are

Yours very truly

APPROVED APR 9, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By          /signed/
D. Burle Davis
Assistant

DBD:GB

APPROVED OPINION COMMITTEE
By /s/ B.W.B., Chairman